## Ellison v. Mitchell

*Louis Vaira,* for plaintiff.
*Shields, Watson & Washington,* for defendant.
*Jones, Smith & Freeland,* for garnishes.

ELLENBOGEN, J., August 1, 1961.—This case comes before the court en banc on defendant's preliminary objections to plaintiff's complaint. Defendant's preliminary objections are threefold: "A Motion Raising Question of Jurisdiction"; "A Motion For More Specific Complaint", and "Demurrer to the Complaint".

Plaintiff commenced this action in assumpsit by writ of foreign attachment in February 1961. She caused Wilbert H. Mason and Elaine Mason, his wife; Home Center Realty and Insurance Agency, Inc., and Belmar Gardens, Inc., to be served as garnishees. Each of the garnishees has filed a report as required by Rule 1266(a) of the Pennsylvania Rules of Civil Procedure. The reports filed by the Masons and by Home Center Realty and Insurance Agency, Inc., state that they have no property of defendant in their possession. The report filed by Belmar Gardens, Inc., indicates that defendant is the owner of 10 shares of stock in Belmar Gardens, Inc. The certificates indicating ownership of these shares were not seized by the sheriff when the writ of attachment was served on Belmar Gardens, Inc.

In her complaint, plaintiff alleges that the Masons are the tenants of property located at 7102 Tilden Street, Pittsburgh, Pa., which property is owned by defendant. She contends that the Masons pay $100 monthly for the rental of these premises. Home Center Realty and Insurance Agency is identified as defendant's agent for collecting the rent from the Masons.

Belmar Gardens, Inc., is identified as receiving a portion of the rent which is collected for the account of defendant.

The basis of plaintiff's action against defendant is set forth in paragraph five of the complaint:

5. "The defendant is indebted to the plaintiff in the sum of $1500.00 which he promised to pay her on or about September 15, 1960, for damages which she sustained by selling her furniture and giving up her home at 7161 Tilden St., and moving to 8 Joseph St."

We will first consider defendant's preliminary objection captioned "Motion Raising Question of Jurisdiction."

Under prior practice, objections to the court's jurisdiction over the person of defendant could not be joined with objections going to the merits of plaintiffs case, since such a joinder constituted the entry of a general appearance by defendant and, consequently, a waiver of any jurisdictional objections. The adoption of Pa. R.C.P. 1028(b) has effected a change in the law on this question.

"Heretofore, any proceeding by the defendant in response to the merits of the case was considered a general appearance, including an attack on the form or substance of the plaintiff's pleading, or the raising of a dilatory defense other than a question of jurisdiction. Rule 1028(b) forces a modification of the prior practice. That Rule now requires a defendant to join his motion to strike off the complaint, or his motion for more specific complaint, or his demurrer, or his objection of *lis pendens*, with the preliminary objection to jurisdiction. If this joinder had its prior effect, the defendant would find that he had waived the jurisdictional objections by the very act of raising them in the manner required by the Rules": Goodrich-Am. Standard Pa. Pract., vol. 1, rule 1017(b)7, page 83; Ac-

cord Hertz v. Record Publishing Co., 31 Erie 197; Markloff v. Miller, 7 D. & C. 2d 323

Therefore, in the case at bar, defendant not only may, but he must join his jurisdictional objection with the demurrer and the motion for more specific complaint in order to protect his right to raise these questions. The filing of these objections does no longer constitute a general appearance.

Defendant's preliminary objection raising a question of jurisdiction attacks only the attempted attachment of the stock of Belmar Gardens, Inc. The objection is silent as to the attempted attachment of funds in the hands of the Masons and Home Center Realty and Insurance Agency. At oral argument and in his brief, counsel for defendant attacks these attachments also on the grounds that the reports filed by these parties indicate that they have no property of defendant in their possession.

However, as the question of the validity of the attachments upon the Masons and Home Center Realty and Insurance Agency was not raised by preliminary objection as required by Pa. R.C.P. 1271 the matter cannot be considered by this court. Pa. R.C.P. 1271 provides:

"Rule 1271 Defenses. Immunity or Exemption. No Property Attached.

"The defense of immunity or exemption of property from attachment and the defense that no property of the defendant was in the possession of the garnishee at the time of service of the attachment, may be raised by the defendant without thereby subjecting himself to the jurisdiction of the court

"(1) by preliminary objection under Rule 1017(b) (1), or

"(2) by a petition to open judgment, filed at any

time before the garnishee files his answer to interrogatories."

Since defendant did not raise by preliminary objection the defense of "no property attached" as to the garnishments of the Masons and Home Center Realty, he is now limited to raising it in connection with a petition to open judgment if plaintiff secured a judgment.

However, the preliminary objection of defendant relating to the garnishment of property in the hands of Belmar Gardens, Inc., is well taken and will be sustained. There was no seizure of the certificates representing the stock held by defendant in Belmar Gardens, Inc. The sheriff's return indicates only that a copy of the writ and complaint was served on the person in charge of the place of business of the garnishee. Such service is not effective to attach shares of stock which defendant may have in the garnishee.

"(1) No attachment or levy upon a security or any share or other interest evidenced thereby which is outstanding shall be valid until the security is actually seized by the officer making the attachment or levy but a security which has been surrendered to the issuer may be attached or levied upon at the source": Act of April 6, 1953, P. L. 3, art. 8, sec. 317, 12A PS §8-317.

"1. In dealing with investment securities the instrument itself is the vital thing and therefore a valid levy cannot be made unless all possibility of the security finding its way into a transferee's hands has been removed. This can be accomplished only when the security has been reduced to possession by a public officer or by the issuer": Official Comments to Uniform Commercial Code by the National Conference on Uniform State Laws, 12A PS 8-317, Page 307—Comment.

Therefore, since nothing was attached when the

writ was served on Belmar Gardens, Inc., as garnishee, the attachment will be dissolved and the writ dismissed as to Belmar Gardens, Inc.

In addition to his objection relating to the court's jurisdiction, defendant has also filed preliminary objections in the form of a motion for a more specific complaint and a demurrer. The complaint is vulnerable to a demurrer. It simply recites a promise on the part of defendant to pay a sum to plaintiff and recites no consideration for that promise. It is impossible to determine from the complaint whether the promise preceded or followed plaintiff's moving from Tilden to Joseph Street. The complaint is silent on the nature of the damages alleged by plaintiff. It does not indicate whether the alleged contract was oral or in writing.

These are defects which may be corrected by amendment. Therefore, plaintiff will be allowed 30 days to file an amended complaint setting forth specifically the nature of contract between herself and defendant. If no amendment is filed within 30 days, the complaint will be dismissed.

### Order

And now, to wit, August 1, 1961, after argument and upon consideration thereof, the preliminary objection filed ex parte defendant objecting to the writ of foreign attachment directed to Belmar Gardens, Inc., is sustained, the writ of foreign attachment is dismissed and the attachment dissolved as to Belmar Gardens.

Defendant's preliminary objections to plaintiff's complaint are dismissed; provided, however, that plaintiff shall, within 30 days from the date of this order, file an amended complaint in accordance with the foregoing opinion; if no proper amendment to the complaint is filed within said 30 days, the complaint will be dismissed.